And we move to the next case, which is United States v. Vesey. Thank you. Patton, you're at it again. Yes, sir. Thank you, Your Honor. May it please the Court. I'm Tom Patton. I'm here on behalf of Elleck Vesey. The District Court erred when it found that Mr. Vesey's prior Illinois conviction for aggravated assault was a crime of violence under the elements clause of the career offender definition. And she got it wrong for two reasons. First, the Shepard documents did not establish that the battery that Mr. Vesey put the victim in reasonable apprehension of receiving was bodily injury battery versus a offensive touching battery. To commit Illinois aggravated assault, you have to put the victim in reasonable apprehension of receiving a battery. It was aggravated because the victim was a corrections officer acting in the scope of his job. And the Illinois battery statute, as this Court has found multiple times, has two prongs. It's divisible, but it has the bodily injury prong and the offensive touching. And the bodily injuries, this Court's found, has an element, the use of force, but offensive touching doesn't. And the indictment, excuse me, the information from the State Court didn't identify what subsection of the battery statute was at issue, nor did the factual basis of the plea given to the State Court judge who took the plea and imposed sentence. And since we have a divisible statute and the Shepard documents do not show which prong was at issue, the Supreme Court's case law says you have to assume that the conviction rests on the least act that violates the statute. And so that here would be the offensive touching, and so it wouldn't qualify. Where we think the judge went wrong, and it was, you know, at the invitation of the government, was relying on this Court's case, United States versus Montez. You know, in the District Court, the government argued that Montez stands for the proposition that the judge can look at the factual description of an offense in the PSR and decide that it's a bodily injury battery. But Montez applies a rule that was first set out in United States versus Aviles-Cerizano that applies when the defendant does not object in the District Court. And since the defendant's not objecting, the government never gets Shepard documents. And then on appeal, the defendant argues that the government hasn't shown which version of the divisible statute the conviction rested on because the government didn't produce the Shepard documents. And this Court, quite reasonably, has said that if the defendant, number one, you're reviewing for plain error, and if there are no Shepard documents, you can't show plain error. And it's basically, it's an anti-sandbagging rule, and that you can't not object in the District Court. Therefore, the government doesn't get the Shepard documents and then come into this Court on appeal and say, hey, it doesn't count because the government didn't produce the Shepard documents. Here, Mr. Vesey, we objected to the PSR's characterization of this as a crime of violence. The Shepard documents were produced. And even the district judge herself said, and it's on page eight of the appendix, that the Shepard documents did not make clear what prong of the Illinois battery statute the victim was in apprehension of receiving. And so that answers the question when you have a divisible statute. And when the Shepard, one part qualifies, the other part wouldn't. If the Shepard documents don't show which one's at issue, it categorically doesn't count. That's pretty straightforward application of the modified categorical approach. And additionally here, we have this Court's opinion in Flores v. Ashcroft finding that the Indiana battery statute that didn't require an intent to harm didn't involve the attempted use or threatened use of physical force. Illinois' battery statute is the same. There doesn't have to be any intent to injure. And so the government concedes all of this. In their brief, they ask this panel of the court to reverse Flores, arguing that subsequent Supreme Court case law has undermined it. But of course, as this court has said repeatedly, one panel can't reverse another panel. And the cases the government cites don't support its claim. The Supreme Court in Stokelyn v. United States talked about what level of force is needed to satisfy the elements, a prong of ACCA, which of course is the same as the elements prong of career offender. But it didn't address at all the intent to harm issue that was talked about in Flores. And in Voisin, which dealt with the definition of a misdemeanor crime of domestic violence, there the Supreme Court did say that recklessness could satisfy that standard. They specifically put in their opinion that they were not deciding if the same analysis applied to 18 U.S. Code section 16A, the section that was involved in Flores, acknowledging that there could be reasons to interpret the two sections differently. And so Voisin can't possibly have overruled Flores because it specifically said it wasn't addressing section 16A. And the Supreme Court had cited Flores approvingly in Castleman. So we don't think anything about subsequent Supreme Court case law has undermined Flores in any way. Even if it could, this panel couldn't reverse Flores. Finally, we don't think that this is harmless error because the district court did not say she would impose the same 72-month sentence if the aggravated assault conviction was not a crime of violence. She did make it clear that this was not a guidelines sentence. Obviously, it wasn't a guidelines sentence and went out of her way to say that even if I'm wrong about the aggravated assault conviction and how to classify it, this sentence stands on its own without regard to the guidelines calculator, the offense level of 20. I think she specifically said that doesn't matter to my determination here. Well, what she said was that whether or not she qualified, she found the aggravated assault conviction was a crime of violence or not, 3553A factors, she would get to a range of 51 to 63 months. That's what she said. Then she said, now I have to decide if I'm going to grant the government's request for an upward variance. Then she did and went up to 72 months. If the 3553A factors get you to a range of 51 to 63 months, you can't be saying then that the 3553A factors support a sentence of 72 months because you've just said that the 3553A factors get you to 51 to 63 months. And to the extent there's confusion on this and confusion in the way the district court expressed herself, it is the government that bears the burden of proving harmless error. And this court has made clear that a simple statement saying, well, I would have imposed the same sentence anyway, is not enough to overcome the significant procedural error that occurs when the guidelines are misapplied. And I don't think the government has met its burden because the district court never said, I would impose the 72-month sentence I imposed regardless of whether or not the aggravated assault conviction constitutes a crime of violence or not. And if I could, I would reserve the rest of my time for rebuttal, please. Thank you. Ms. Boyle? Good morning. May it please the court, counsel, my name is Catherine Boyle on behalf of the United States. Mr. Vesey's prior Illinois conviction for aggravated assault qualifies as a crime of violence under the elements of clause of section 4B1.2. He therefore merited a base offense level of 20 under section 2K2.1 for his felon in possession offense. But even if this court determines that his prior conviction did not qualify, any error was harmless because the district court made clear that it would have arrived at the same sentence regardless. I'd like to first talk about why Mr. Vesey's Illinois aggravated assault conviction qualified as a crime of violence under the elements clause. At the time of Mr. Vesey's offense, the Illinois aggravated assault statute required the state to prove that Mr. Vesey placed his victim, the correctional officer, in reasonable apprehension of battery. The parties here agree that both the Illinois aggravated assault statute and the Illinois battery statute are divisible. We also agree that this court applies the modified categorical approach to determine which type of attempted battery the correctional officer faced, one involving bodily harm or physical contact of an insulting or provoking nature. An examination of the Shepard documents in Mr. Vesey's aggravated assault case shows that the district court was correct in concluding that the correctional officer faced a battery involving bodily harm, which means that his prior offense had as an element the attempted or threatened use of physical force and qualified as a crime of violence. Mr. Vesey's charging document in this case alleged that he committed the offense of aggravated assault and that Mr. Vesey, in committing an assault in violation of section 12.1 of Act 5 of Chapter 720 of the Illinois Compiled Statutes, swung a shower rod at Christopher Serra, a correctional officer, performing his official duties being the detention of the defendant. The information noted that Mr. Vesey had violated subsection b5 of the Illinois aggravated assault statute, which makes it a crime to assault a correctional officer. Then, at Mr. Vesey's change of plea hearing, the assistant state's attorney described the following factual basis for Mr. Vesey's guilty plea. While incarcerated in the Rock Island County Jail in August 2014, Mr. Vesey became upset over, looks like there was something about missing a meal on that particular day. For whatever reason, he ripped the shower curtain rod off a wall. He then swung it at correctional officer Serra. Mr. Vesey's attorney agreed that the state could prove those facts and Mr. Vesey indicated that knowing that factual basis in the penalties, he wished to have the These shepherd documents show that the bodily harm wrong of the battery statute applied. An attempt to strike another individual with a shower curtain rod after ripping it off a wall necessarily involves the attempted or threatened use of physical force against the person of another and is therefore a crime of violence. And we don't believe Mr. Vesey's quibbles as to how far the correctional officer was from him are instructive in this instance. An inmate who placed the officer in reasonable apprehension of bodily harm, whether he did so across a room or in somewhat closer proximity. I'd also like to briefly address Mr. Patton's comments about the case Montez. And while it's true Montez was looking at whether the court could rely on the PSR in the absence of an objection where there and when no shepherd documents were introduced. I think it's also important that the court in Montez said because uncontested findings in the PSR indicate that Montez was indeed convicted under the aggravated battery statutes bodily harm clause. The district court did not air by applying the career offender enhancement and in Montez, the statements in the pre-sentence report did not identify the words bodily harm or the or necessarily the did not identify the exact prong of the battery statue. Montez identified that the police officer had been kicked several times in the body and an additional time in the face. And based on that this court found that the uncontested findings showed he was convicted under that bodily harm clause. To briefly discuss also Mr. Patton's comments on Flores, Mr. Vesey's claim that aggravated assault, Mr. Vesey claims that aggravated assault under Illinois law is categorically not a crime of violence because the state is not required to prove that he intended to place the victim in reasonable apprehension of battery. In making this argument he relies on this court's 2003 decision in Flores which held that crimes of violence under 16a are intended to cause bodily injury. We believe supervening Supreme Court decisions have undermined Flores regarding both the amount of physical force required by the elements clause and Flores's definition of physical force partly in terms of the actor's intent. In 2010 in Johnson the Supreme Court defined physical force as force capable of causing physical pain or injury to another person for the purposes of the ACCA's the Armed Career Elements Clause. The Supreme Court reiterated that definition more recently in 2019 in Stokely which we think is particularly instructive here. In Stokely the court further said that the Armed Career Criminal Act does not require that the force used attempted or threatened be reasonably expected to cause pain or injury. The fact that the force can potentially cause injury is sufficient and in that the court acknowledges that forces as small as hitting slapping shoving grabbing pinching biting and hair pulling can qualify so even this conduct that leads to relatively minor forms of injury a cut abrasion or abuse or a bruise necessitates the use of force under the elements clause and force that causes minimal pain is sufficient to qualify. We acknowledge that the Supreme Court quoted Flores with approval in Castleman which involved an interpretation of what constitutes physical force under section 921 a 33 a which involves a misdemeanor crime of domestic violence and the court there ultimately held that the term physical force used in that statute should be given a presumptive common law meaning of offensive touching but in holding that majority distinguish the physical force required by section 921 from the violent physical force required by the Armed Career Criminal Act and in doing so the court said minor uses of force may not constitute violence in the generic sense for example in Flores the seventh circuit noted that it was hard to describe violence as violence a squeeze of the arm that causes a bruise but later in Stokely we think that the court further clarifies what it means in Castleman in a way that is instructive in viewing Flores the Supreme Court then takes the step that Justice Scalia suggested in the Castleman concurrence and holds the very force he described a force as small as hitting slapping shoving pinching biting qualifies and adopts the position that conduct that leads to relatively minor forms of injury necessitates the use of force so Stokely rejects Castleman's dictum that a squeeze of the arm that causes a bruise does not qualify under the Armed Career Criminal Acts Elements Clause and that would likewise overrule Flores's view that volitionally tossing a paper airplane that inflicts a paper cut or throwing a snowball that causes minor pain does not qualify as a use of force further we believe that the Supreme Court's later decisions in cases likewise zine were instructive in terms of whether physical force must be defined in terms of whether bodily injury was intended although Rosine examined section 921 a 33 a which defines the misdemeanor uh crime of domestic violence again we still believe that it's instructive that they concluded that the word use in the statute is indifferent to whether the actor has the mental state of intention knowledge or recklessness with respect to the harmful consequences of volitional conduct um I'd like to move quickly on to harmless error since I see I'm getting close on time we believe also that even if the district court erred in determining that Mr. Vessi's prior conviction for aggravated assault is a crime of violence that error was harmless the district court made clear it would have imposed the same sentence even if it incorrectly determined that Mr. Vessi's prior aggravated assault conviction qualifies as a crime of violence first the court said even if that decision was wrong and that Mr. Vessi's base offense level should have been 14 rather than 20 under 2k 2.1 the advisory guidelines range of 51 to 63 months was still fair based on the 35 53a factors the direct quote is I think you get to um that range basically whether it's under my legal ruling resolving the objection but also under the 35 53a factors the court described its decision as centering on whether it should grant the upward variance to 96 months requested by the government and framed that decision in the context of the 35 53a factors the court's extensive extensive discussion of the nature and characteristics of the offense Mr. Vessi's criminal history and risk recidivism all showed that this sentence was driven by the 35 53a factors I see I'm almost out of time thank you your honors we'd ask that you affirm the judgment of the district court thank you your honor the government's entire discussion about how it quote unquote knows that Mr. Vessi's aggravated assault involved the body injury portion of the battery statute was all just reading the facts alleged which of course is the exact thing you can't do when you're using the modified categorical approach and if you look at paragraph 44 of the PSR it talks about a prior charge of aggravated battery against Mr. Vessi where he was charged with committing aggravated battery in that said defendant in committing a battery other than by discharge of a firearm knowingly made physical contact of an insulting or provoking nature with Corey Rourke knowing Corey Rourke to be a correctional officer performing his duties official duties in that said defendant headbutted Corey Rourke as Corey Rourke was transporting the defendant to another block prosecutors charge the offense of touching when there has been facts that may support bodily injury do they want to prove as little as they possibly can and so you just you can't look at the facts the government and the district court both admitted that the shepherd documents do not identify what subsection of the battery statute was at issue that's the end of the analysis when it comes to the categorical approach even the modified categorical approach thank you thank you Mr. Fed thanks to both council and the case will be taken under advisement and that concludes the cases for this session of the court